**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

Matthew Woolbright and Sophia Shugart,
individually and on behalf of all others
similarly situated,

Plaintiffs, **Case No.: 8:25-cv-01692**

vs.

Blue-Grace Group, LLC
d/b/a Blue-Grace Logistics, LLC,

Defendant.
_____________________________________/

**DEFENDANT'S ANSWER AND TO PLAINTIFFS'S COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant, BLUE-GRACE GROUP, LLC d/b/a BLUE-GRACE LOGISTICS, LLC ("Defendant"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by MATTHEW WOOLBRIGHT and SOPHIA SHUGART ("Plaintiffs"), and states as follows:

1. In response to Paragraph 1 of Complaint, Defendant acknowledges Plaintiffs are seeking to recover alleged unpaid overtime, but Defendant denies that Plaintiffs are entitled to any relief from Defendant, that any "others similarly situated" situated exist or are entitled to relief, that Plaintiffs or any others have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Defendant acknowledges that Plaintiffs are filing this action for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), but Defendant denies that Plaintiffs are entitled to any relief from Defendant, that any "others similarly situated" situated exist or are entitled to relief, that Plaintiffs or any others have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant acknowledges that Plaintiffs are seeking to assert a nationwide collective action, but Defendant denies that Plaintiffs are entitled to any relief from Defendant, that any collective action is appropriate, that "others similarly situated" situated exist or are entitled to relief, that Plaintiffs or any others have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant acknowledges that Plaintiff Shugart is attempting to bring a claim against Defendant under the Illinois Minimum Wage Law ("IMWL") and is attempting to assert a putative class action, but Defendant denies that Plaintiff Shugart has a valid claim against Defendant or is entitled to any relief, that a class action is appropriate, that proper class members exist, that any putative class members are

entitled to any relief, and accordingly, Defendant denies all allegations stated or implied in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendant acknowledges that Plaintiffs attempt to define a putative collective, but Defendant denies that the putative collective is appropriate, that proper collective members exist, that putative collective members are entitled to any relief, and accordingly, Defendant denies all allegations stated or implied in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendant acknowledges that Plaintiffs attempt to define a putative collective, but Defendant denies that the putative collective is appropriate, that proper collective members exist, that putative collective members are entitled to any relief, and accordingly, Defendant denies all allegations stated or implied in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Defendant acknowledges that Plaintiffs attempt to define a putative class, but Defendant denies that the putative class is appropriate, that proper class members exist, that putative class members are entitled to any relief, and accordingly, Defendant denies all allegations stated or implied in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of Complaint, Defendant does not dispute that the Court has jurisdiction, but Defendant denies Plaintiffs are entitled to any

relief from Defendant or that they have a valid claim against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 8 of Complaint.

9. In response to Paragraph 9 of Complaint, Defendant foes not dispute that the Court has supplemental jurisdiction over state law claims, but Defendant denies Plaintiffs are entitled to any relief on state law claims from Defendant or that they have a valid claim against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 9 of Complaint.

10. In response to Paragraph 10 of Complaint, Defendant does not dispute that venue is proper, but Defendant denies Plaintiffs are entitled to any relief from Defendant or that they have a valid claim against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 10 of Complaint.

11. Defendant lacks the knowledge to admit or deny where Plaintiff Woolbright resides or to admit or deny any other allegations stated or implied in Paragraph 11 of Complaint, except that Defendant admits Plaintiff Woolbright is an adult.

12. In response to Paragraph 12 of Complaint, Defendant admits it employed Plaintiff Woolbright as a Carrier Sales Representative in Tampa, Florida from approximately September 2018 to July 2024.

13. Defendant admits the allegations stated in Paragraph 13 of Complaint

14. Defendant admits the allegations stated in Paragraph 14 of Complaint

15. Defendant lacks the knowledge to admit or deny where Plaintiff Shugart resides or to admit or deny any other allegations stated or implied in Paragraph 15 of Complaint, except that Defendant admits Plaintiff Shugart is an adult.

16. Defendant admits the allegations stated in Paragraph 16 of Complaint

17. Defendant admits the allegations stated in Paragraph 17 of Complaint

18. Defendant admits the allegations stated in Paragraph 18 of Complaint

19. In response to Paragraph 19 of the Complaint, Defendant admits that it is a Florida limited liability company with its principal place of business located at 2846 S. Falkenburg Road, Riverview, Florida 33578.

20. Defendant admits the allegations stated in Paragraph 20 of Complaint.

21. Defendant admits the allegations stated in Paragraph 21 of Complaint.

22. Defendant admits the allegations stated in Paragraph 22 of Complaint.

23. Defendant admits the allegations stated in Paragraph 23 of Complaint.

24. In response to Paragraph 24 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

25. Defendant denies the allegations stated in Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Defendant admits that Plaintiff Woolbright worked as a Carrier Sales Representative, and it denies all other allegations stated or implied in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendant admits that the duties of Carrier Sales Representatives include booking carriers to transport loads and tracking loads, but it denies all other allegations stated or implied in Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, Defendant admits that the duties of Plaintiff Woolbright included identifying potential carriers, cold-calling carriers to carry loads, and making calls to check status, but it denies all other allegations stated or implied in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendant admits that Plaintiff Woolbright was paid a salary plus commission with no overtime pay, but

Defendant maintains that there is no appropriate collective and so Defendant denies allegations relating to a collective in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff Woolbright was an exempt employee and treated as such, but Defendant maintains that there is no appropriate collective and so Defendant denies allegations relating to a collective in Paragraph 30 of the Complaint.

31. Defendant denies the allegations stated in Paragraph 31 of the Complaint.

32. Defendant denies the allegations stated in Paragraph 32 of the Complaint.

33. Defendant denies the allegations stated in Paragraph 33 of the Complaint.

34. Defendant denies the allegations stated in Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

36. Defendant denies the allegations stated in Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Defendant admits that Plaintiff Shugart worked as a Sales Executive, but Defendant maintains that there

is no appropriate class or collective and so Defendant denies allegations relating to a class or collective in Paragraph 37 of the Complaint.

38. In response to Paragraph 38, Defendant admits that the duties of Plaintiff Shugart included locating prospective customers and cold-calling prospective customers for business, but it denies all other allegations stated or implied in Paragraph 28 of the Complaint.

39. In response to Paragraph 39 of the Complaint, Defendant admits that Plaintiff Shugart was paid a salary plus commission with no overtime pay, but Defendant maintains that there is no appropriate class or collective and so Defendant denies allegations relating to a collective in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of Plaintiff's Complaint, Defendant admits that Plaintiff Shugart was an exempt employee and treated as such, but Defendant maintains that there is no appropriate class or collective and so Defendant denies allegations relating to a class or collective in Paragraph 40 of the Complaint.

41. Defendant denies the allegations stated in Paragraph 41 of the Complaint.

42. Defendant denies the allegations stated in Paragraph 42 of the Complaint.

43. Defendant denies the allegations stated in Paragraph 43 of the Complaint.

44. Defendant denies the allegations stated in Paragraph 44 of the Complaint.

45. Defendant denies the allegations stated in Paragraph 45 of the Complaint.

46. In response to Paragraph 46 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

47. In response to Paragraph 47, Defendant denies that the "FLSA Carrier Sales Representative Collective" is appropriate and denies that Plaintiff Woolbright or any putative collective member is entitled to relief or that they have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 47 of the Complaint.

48. In response to Paragraph 48, Defendant denies that the "FLSA Carrier Sales Representative Collective" is appropriate and denies that Plaintiff Woolbright or any putative collective member is entitled to relief or that they have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 48 of the Complaint.

49. In response to Paragraph 49 of the Complaint, Defendant states that the document attached as Exhibit A to the Complaint speaks for itself and

Defendant lacks the knowledge to admit or deny any other allegations stated or implied in Paragraph 49 of Complaint.

50. Defendant denies the allegations stated in Paragraph 50 of the Complaint.

51. Defendant denies the allegations stated in Paragraph 51 of the Complaint.

52. Defendant denies the allegations stated in Paragraph 52 of the Complaint.

53. Defendant denies the allegations stated in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

55. In response to Paragraph 55, Defendant denies that the "FLSA Executive Collective" is appropriate and denies that Plaintiff Shugart or any putative collective member is entitled to relief or that they have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 55 of the Complaint.

56. In response to Paragraph 56, Defendant denies that the "FLSA Executive Collective" is appropriate and denies that Plaintiff Shugart or any putative collective member is entitled to relief or that they have a valid claim

against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, Defendant states that the document attached as Exhibit A to the Complaint speaks for itself and Defendant lacks the knowledge to admit or deny any other allegations stated or implied in Paragraph 57 of Complaint.

58. Defendant denies the allegations stated in Paragraph 58 of the Complaint.

59. Defendant denies the allegations stated in Paragraph 59 of the Complaint.

60. Defendant denies the allegations stated in Paragraph 60 of the Complaint.

61. Defendant denies the allegations stated in Paragraph 61 of the Complaint.

62. In response to Paragraph 62 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

63. In response to Paragraph 63, Defendant denies that the "Illinois Rule 23 Sales Executive Class" is appropriate and denies that Plaintiff Shugart or any putative class member is entitled to relief or that they have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 63 of the Complaint.

64. In response to Paragraph 64, Defendant denies that the "Illinois Rule 23 Sales Executive Class" is appropriate and denies that Plaintiff Shugart or any putative class member is entitled to relief or that they have a valid claim against Defendant, and accordingly, Defendant denies all allegations stated or implied in Paragraph 64 of the Complaint.

65. Defendant denies the allegations stated in Paragraph 65 of the Complaint.

66. Defendant denies the allegations stated in Paragraph 66 of the Complaint.

67. Defendant denies the allegations stated in Paragraph 67 of the Complaint.

68. Defendant denies the allegations stated in Paragraph 68 of the Complaint.

69. Defendant denies the allegations stated in Paragraph 69 of the Complaint.

70. Defendant denies the allegations stated in Paragraph 70 of the Complaint.

71. In response to Paragraph 71 of the Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

72. In response to Paragraph 72 of the Complaint, Defendant states that the cited statute, 29 U.S.C. § 207, speaks for itself.

73. In response to Paragraph 73 of the Complaint, Defendant only admits that it is an employer and that Plaintiff Woolbright and Plaintiff Shugart were employees, but Defendant denies all other allegations stated or implied on Paragraph 73 of Complaint.

74. Defendant denies the allegations stated in Paragraph 74 of the Complaint.

75. Defendant denies the allegations stated in Paragraph 75 of the Complaint.

76. Defendant denies the allegations stated in Paragraph 76 of the Complaint.

77. Defendant denies the allegations stated in Paragraph 77 of the Complaint.

78. Defendant denies the allegations stated in Paragraph 78 of the Complaint.

79. Defendant denies the allegations stated in Paragraph 79 of the Complaint.

80. In response to Paragraph 80 of Complaint, Defendant reasserts and realleges its responses to the above paragraphs, as though fully set forth herein.

81. In response to Paragraph 81 of Complaint, Defendant only admits that it is an employer, but denies all other allegations stated or implied on Paragraph 81 of Complaint.

82. In response to Paragraph 82 of Complaint, Defendant only admits that Plaintiff Shugart was an employee, but denies all other allegations stated or implied on Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, Defendant states that the cited statute, 820 ILCS 105/4a, speaks for itself.

84. Defendant denies the allegations stated in Paragraph 84 of the Complaint.

85. Defendant denies the allegations stated in Paragraph 85 of the Complaint.

86. Defendant denies the allegations stated in Paragraph 86 of the Complaint.

87. In response to Paragraph 87 of Complaint, Defendant denies that any proper putative members of a collective action exist, and, additionally, Defendant denies all allegations stated or implied in Paragraph 87 of the Complaint. Defendant also denies all allegations stated or implied in subparagraphs A through H following Paragraph 87 of Complaint.

88. In response to Paragraph 88 of Complaint, Defendant denies that any proper putative members of a class action exist, and, additionally, Defendant

denies all allegations stated or implied in Paragraph 87 of the Complaint. Defendant also denies all allegations stated or implied in subparagraphs A through H following Paragraph 88 of Complaint.

89. Defendant denies all allegations, requests for relief, footnotes, captions, headings, or notes throughout Complaint which are not specifically admitted by Defendant herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs are exempt employees, not subject to FLSA requirements on overtime pay, because they met the requirement for administrative employees, under Section 13(a)(1) of the FLSA.

2. Plaintiffs are exempt employees, not subject to FLSA requirements on overtime pay, because they meet the requirements of the Section 7(i) overtime exemption for commissioned employees

3. To the extent any claim arises outside the statute of limitations, it is bared by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

4. Without conceding that there are any wages due, there exists a good faith dispute regarding the payment of wages. Thus, neither liquidated damages nor any other penalties are warranted.

5. Plaintiffs' claims against Defendant are asserted in bad faith, and are frivolous, unreasonable and without foundation. Defendant is therefore entitled to an award of costs and expenses of litigation, including reasonable attorney's fees.

6. Plaintiffs were paid in full and therefore Defendant is released from any and all continuing obligations to Plaintiffs.

7. Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiffs, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

8. Plaintiffs have been paid and/or received all sums and benefits due by virtue of Plaintiffs' employment.

9. At all relevant times herein, Defendant complied in good faith with all employment laws, labor laws, and other applicable law, and reasonable interpretations of the same, pertaining to the employment of Plaintiffs, including, but not limited to, payment of wages and commission.

10. Plaintiffs did not accurately report the hours for which they seek wages; therefore, Plaintiffs are barred from seeking to recover any such amounts from the Defendant and cannot recover liquidated damages.

11. Defendant alleges that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, is barred by the Defendant's compliance or

substantial compliance with all applicable laws underlying Plaintiffs' claims of violation of the FLSA.

12. Any monies or other consideration claimed to be owed to Plaintiffs represent amounts to which the Defendant is entitled to equitable, statutory, and/or contractual set-off.

13. Defendant alleges that insofar at the instant complaint is an attempt to recover liquidated damages, such damages are not recoverable because any act or omission of Defendant was in good faith and based upon reasonable grounds for believing that they were not violating the FLSA.

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant, BLUE-GRACE GROUP, LLC d/b/a BLUE-GRACE LOGISTICS, LLC, respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that costs and attorney fees be taxed against Plaintiffs, and in favor of Defendant, and that all other appropriate relief in favor of Defendant and against Plaintiffs, be granted.

Respectfully submitted this 6th day of August 2025.

***s/ Jose I. Leon***
Jose I. Leon, Esq.
Florida Bar No. 0958212
jleon@gordonrees.com
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone: 305-428-5322
Facsimile: 877-644-6209
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2025, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve the foregoing document by transmission of Notices of Electronic Filing on all counsel of record.

***s/ Jose I. Leon***
Jose I. Leon, Esq.